UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MODESTO HERNANDEZ, <br> an individual, <br><br> Plaintiff, <br><br> vs. <br><br> WETHERSFIELD SHOPPING CENTER, LLC, <br> a Connecticut Limited Liability Company, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> :/ | CASE NO. 3:17-cv-01448-JAM |

## REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

| | |
|---|---|
| Date Complaint Filed: | August 28, 2017 |
| Date Complaint Served: | August 29, 2017 |
| Date of Defendant's Appearance: | September 12, 2017 |
| Date of Defendant's Answer Deadline: | October 19, 2017 |

Pursuant to Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 9, 2017. The participants were **Louis I. Mussman, Esq.** for Plaintiff; and **Michael D. Blumberg, Esq.** for Defendant.

**I. CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

1

**II. JURISDICTION**

A. *Subject Matter Jurisdiction*

This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. The basis for the Court's subject matter jurisdiction is Sections 1331 and 1343 of Title 28 of the United States Code.

B. *Personal Jurisdiction*

Personal jurisdiction is not contested.

**III. BRIEF DESCRIPTION OF CASE**

A. *Claims of Plaintiff:*

This is a suit for injunctive relief brought pursuant to the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* The Defendant is the owner of a place of public accommodation as defined under the Americans with Disabilities Act which is the subject of this action. Plaintiff alleges that he visited the Defendant's property where he encountered numerous architectural barriers to access. The Plaintiff seeks an injunction requiring the removal of architectural barriers to the physically disabled that the Plaintiff contends are readily achievable to remove. Plaintiff also seeks reimbursement for his attorneys' fees and costs pursuant to the above mentioned statute.

B. *Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) or Defendant:*

Defendant reserves its rights to assert any applicable denials, affirmative defenses, counterclaims, third party claims, and/or cross claims in its responsive pleading due October 19, 2017.

C. *Defenses and Claims of Third Party Defendant:*

There are no third-party defendants at this time.

**IV. STATEMENT OF UNDISPUTED FACTS:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Defendant owns the subject property, known as the "Wethersfield Shopping Plaza" located at 991-1129 Silas Deane Hwy, Wethersfield, CT 06109.

2. Defendant's property includes numerous retail stores and restaurants which are open to the public.

**V. CASE MANAGEMENT PLAN:**

A. *Standing Order on Scheduling in Civil Cases*

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows: The Parties seek to complete discovery within eight (8) months, with dispositive months to be filed within one (1) month thereafter.

B. *Scheduling Conference with the Court*

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. *Early Settlement Conference*

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties believe that settlement may be possible after preliminary discussions.

  2. The Plaintiff does not request an early settlement conference at this time.  The Defendant does request an early settlement conference.

  3. The parties prefer a settlement conference with a United States Magistrate Judge.

  4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. *Joinder of Parties and Amendment of Pleadings*

  1. Plaintiff should be allowed until November 30, 2017, to file motions to join additional parties and motions to amend the pleadings.

  2. Defendant should be allowed until November 30, 2017 to file motions to join additional parties and to file a response to the complaint.

E. *Discovery*

  a. The parties anticipate that discovery will be needed on the following subjects:

   i. Inspection of the Defendant's property to document and verify any alleged barriers to access. Defendant reserves its rights to contest any such requests;

   ii. The parties intend to serve Interrogatories, Requests for Production and Requests for Admission regarding all facts and circumstances surrounding this matter.

   iii. The parties intend to depose fact witnesses as deemed necessary as discovery progresses.

  b. All discovery, including depositions of expert witnesses pursuant to Fed. R.

Civ. P. 26(b)(4), will be commenced immediately, and will be completed by April 27, 2018.

      c.  Discovery will not be conducted in phases.

      d.  The parties anticipate that Plaintiff will require up to a total of five depositions of fact witnesses and Defendant will require up to a total of five depositions of fact witnesses. The depositions will commence immediately, and will be completed by April 27, 2018.

      e.  The parties will not request permission to serve more than 25 interrogatories.

      f.  Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 16, 2018, a date not later than three months before the deadline for completing all discovery. Depositions of any such experts will be completed by March 26, 2018.

      g.  Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 16, 2018, a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by April 27, 2018, a date not later than the discovery cutoff date.

      h.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 5, 2018.

      i.  Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information and the allocation of costs of assembling and

producing such information. The parties hereby agree to maintain and preserve any and all electronically stored data that is relevant to the instant action or reasonably calculated to lead to the discovery of admissible evidence in the instant action. The parties agree that electronically stored information will be produced by way of hard copy unless to do so would be unduly burdensome. In such an event, the electronically stored information will be produced via CD-Rom. Each party shall bear the costs of producing electronically stored information. In the event that a computer forensic is required to retrieve information, the party requiring such inspection shall bear the costs of retrieval unless the parties stipulate otherwise or the Court, on motion, determines that cost-sharing is warranted based on fundamental considerations of fairness. If a computer search is required, search terms will be agreed upon by the parties prior to the search.

    j.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product production, including procedures for asserting privilege claims after production.

  The parties agree to the following procedures:

    i.  The party claiming inadvertent disclosure of privileged documents or attorney work-product shall notify opposing counsel of the inadvertent disclosure with specific identification of the document(s) at issue.

    ii.  If a document appears on its face to be subject to attorney-client privilege or to constitute attorney work product, the document and all copies shall be returned to the requesting counsel and shall not be used or referred to in any manner in litigation.

    iii. If counsel cannot agree as to the privileged status or work product status of the document, the document at issue will be submitted to the U.S. Magistrate Judge for in camera inspection and determination.

F.  *Dispositive Motions:*

Dispositive motions will be filed on or before May 28, 2018.  Opposition to dispositive motions will be due on or before June 25, 2018.

G.  *Joint Trial Memorandum*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed sixty (60) days after this court rules on any summary judgment motion, or forty-five (45) days from the close of discovery if dispositive motions are not filed.

**IV.  TRIAL READINESS**

The case will be ready for trial sixty (60) days after the joint trial memorandum is filed.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

      THE PLAINTIFF

      BY:  /s/ Louis I. Mussman
        Louis I. Mussman (ct27484)
        Ku & Mussman, P.A.
        18501 Pines Boulevard
        Suite 209-A
        Pembroke Pines, FL  33029
        Tel:  (305) 891-1322
        Fax:  (305) 891-4512
        louis@kumussman.com

      and

Ioannis A. Kaloidis, Esq. (ct25510)
The Kaloidis Law Firm, LLC
Local Counsel
580 Watertown Avenue
Waterbury, CT 06708
Tel: (203) 597-0010
Fax: (203) 597-0024
john@kaloidislaw.com

THE DEFENDANT


BY:   /s/Michael D. Blumberg
Michael D. Blumberg, Esq.
Rogin Nassau LLC
185 Asylum Street, 22nd Floor
Hartford, CT 06103
Tel: (860) 256-6300
Fax: (860) 278-2179
mblumberg@roginlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel and pro se parties of record, via electronic mail by operation of the Court's electronic filing system, or via first-class mail, postage prepaid, to those parties unable to accept electronic filing, including to:

Michael D. Blumberg, Esq.
Rogin Nassau LLC
185 Asylum Street, 22nd Floor
Hartford, CT 06103

                                          BY: /s/ Louis I. Mussman
                                                   Louis I. Mussman (ct27484)