UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*:
**MODESTO HERNANDEZ,**              :   CIVIL ACTION NO.
         *Plaintiff*                :   3:17-cv-01448-JAM
                                    :
**V.**                              :
                                    :
**WETHERSFIELD SHOPPING CENTER, LLC** :  October 19, 2017
         *Defendant*                :
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER

## INTRODUCTORY PARAGRAPH

The Introductory Paragraph is a series of legal conclusions that require neither admissions nor denials. To the extent this paragraph contains any factual allegations, such allegations are denied.

## JURISDICTION AND PARTIES

1.      Paragraph 1 states legal conclusions that require neither admissions or denials. To the extent this paragraph contains any factual allegations, such allegations are denied.

2.      Paragraph 2 states a legal conclusion that requires neither an admission nor a denial.

3.      The defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3, and therefore leaves the Plaintiff to his proof.

4.      The defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4, and therefore leaves the Plaintiff to his proof.

5.  The defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5, and therefore leaves the Plaintiff to his proof.

6.  The defendant admits so much of Paragraph 6 that alleges defendant is a Connecticut limited liability company and that it has a facility located at 991-1129 Silas Deane Hwy, Wethersfield, CT.  Plaintiff's allegation that defendant owns "a place of public accommodation" is a legal conclusion that requires neither an admission nor a denial.  Except as expressly admitted, the allegations of paragraph 6 are denied.

7.  The defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and therefore leaves the Plaintiff to his proof.

## COUNT 1 – VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.  The defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

9.  Paragraph 9 states legal conclusions that require neither and admission nor a denial.  To the extent an additional response is required, defendant admits only so much of Paragraph 9 as alleges that the property is a shopping plaza, and the remaining factual allegations of paragraph 9 are denied.

10. The defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and therefore leaves the plaintiff to his proof.

11. The defendant denies the allegation that any "barriers" exist at the Property, and the defendant has insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 11.

12. The defendant denies the allegation that any "barriers" exist at the Property, and the defendant has insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13. The defendant denies the allegation that any "barriers" exist at the Property, and the defendant has insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. The defendant denies the allegations of paragraph 14, including sub-paragraphs A through E.

15. The defendant denies the allegations of paragraph 15.

16. The defendant denies the allegations of paragraph 16.

17. The defendant denies the allegations that the property contains any "barriers." Defendant has insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 17, and therefore leaves the Plaintiff to his proof.

18. The defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18, and therefore leaves the Plaintiff to his proof.

19. The defendant denies the allegations that the property contains any "barriers." The defendant has insufficient knowledge or information to form a belief as to the truth of the

remaining allegations contained in paragraph 19, and therefore leaves the Plaintiff to his proof.

20.     The defendant denies the allegations that the property contains any "barriers." The defendant has insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 20, and therefore leaves the Plaintiff to his proof.

21.     The defendant denies the allegation of paragraph 21.

## PRAYER FOR RELIEF

The defendant denies that the Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff lacks standing to bring this claim.

### Second Affirmative Defense

The plaintiff's claims are barred because they are moot.

### Third Affirmative Defense

The plaintiff's claims are barred by his failure to join necessary and indispensable parties to the extent that the Complaint seeks relief for any area that is the responsibility of another entity or individual.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, as Plaintiff failed to provide defendant with sufficient notice of any alleged violations and/or any opportunity to cure any alleged violations.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because the claimed violations are "de minimis" and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

**Sixth Affirmative Defense**

Plaintiff's claims are barred because the modifications plaintiff seeks are not "alterations" within the meaning of the ADA and/or would require disproportionate cost and/or place an undue hardship on defendant.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred because the barrier removal(s) plaintiff seeks pursuant to the ADA are infeasible, not "readily achievable," and/or not easily accomplishable.

**Eighth Affirmative Defense**

The Complaint fails to state facts sufficient to constitute a cause of action and/or claim upon which relief may be granted.

**Ninth Affirmative Defense**

Plaintiff's claims are barred because he fails to specify or demonstrate actual harm allegedly suffered as a result of defendant's alleged violations of the ADA.

**Tenth Affirmative Defense**

Plaintiff's claims for attorney's fees are barred or reduced because such claims could have been reduced or eliminated through pre-suit communications or the exercise of reasonable diligence by Plaintiff or his counsel.  Plaintiff is required to mitigate all

claims and damages, and to the extent Plaintiff has failed to do so, Plaintiff's claims must be reduced and/or barred.

**Eleventh Affirmative Defense**

Defendant is entitled to recover its costs of court and attorneys' fees for the defense of this action to the extent it is frivolous or without foundation in law or fact.

**Twelfth Affirmative Defense**

Plaintiff's claims for injunctive relief are barred because Plaintiff has not suffered, and is not suffering, irreparable harm.

**Thirteenth Affirmative Defense**

Some or all of Plaintiff's claims may be barred by the applicable statutes of limitations.

                                      THE DEFENDANT,
                                      Wethersfield Shopping Center, LLC
                                      By:     ct28990
                                            Michael D. Blumberg
                                            Rogin Nassau LLC
                                            185 Asylum Street, 22nd Floor
                                            Hartford, CT 06103-3460
                                            Telephone (860) 256-6300
                                            Facsimile (860) 278-2179
                                            mblumberg@roginlaw.com

**CERTIFICATION**

      This is to certify that a copy of the foregoing Notice was served electronically this 19th day of October, 2017 and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    Louis I. Mussman [ct27484]
    18501 Pines Boulevard #209-A
    Pembroke Pines, FL 33029
    *Attorney for Plaintiff*

      and

    Ioannis A. Kaloidis, Esq. [ct25510]
    The Kaloidis Law Firm, LLC
    21 Holmes Avenue
    Waterbury, CT 06710
    *Local Counsel for Plaintiff*

                                           ct28990
                                     Michael D. Blumberg